

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 30, 1957

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-266

Re: Whether prior Opinions
of the Attorney General
concerning the expenses
incurred for telephone
and telegraph charges by
members of the House of
Representatives apply to
the Speaker of the House
as well as other members

Dear Mr. Calvert:                          and related questions.

In your request for an opinion of this office you
pose the following questions:

"1.   Should the holdings in prior Attorney
General's Opinions concerning the incurring of
telephone and telegraph expenses by Members of
the House of Representatives be applied to the
Speaker of the House of Representatives?

"2.   Does your ruling as to the purchase of
stationery and supplies incurred by Members of
the House of Representatives apply to the Speaker
of the House?

"3.   May the Comptroller issue a warrant to
pay the salary of a secretary to work in and main-
tain the office of the Speaker in the State
Capitol when such person is carried on the payroll
as an interim employee and is designated as Secre-
tary to the Speaker?

"4.   May the Comptroller issue a warrant for
payment out of the contingent funds of the 55th
Legislature long distance and rental charges of
the Water Resources Committee created by House
Bill 454, Acts of the 53rd Legislature?"

The prior Opinions to which you refer in Question 1 are:  O-3778 (1941), MS-43 (1953), WW-131 (1957), WW-148 (1957) and WW-177 (1957).

The prior rulings to which you refer in Question 2 are Attorney General's Opinions O-3778 (1941) and WW-177 (1957).

The members of the House each Regular Session elect from among their number one member to serve as Speaker of the House during the present session and until the next Regular Session.

The duties of the Speaker are many and cover a variety of fields.  He presides over the House as a whole during the sessions of his two-year term of office.  He appoints House members to the various committees.  He names the Committee Chairmen.  He hires the employees of the House and has supervisory responsibilities over their work; and he has the right to discharge any of them.  The Speaker has general control, except as provided by law, of the Hall of the House, its lobby, galleries, corridors, passages and unappropriated rooms in that part of the Capitol assigned to the use of the House.

Throughout the Rules of the House the Speaker is treated somewhat differently than is a "Member" of the House. There are numerous duties assigned to the Speaker which continue after sine die adjournment of the House.

A study of House Simple Resolution No. 479, as passed by the House of Representatives of the 55th Legislature, sets forth numerous duties the Speaker is to perform following sine die adjournment.  Under House Simple Resolution 479, the Speaker of the House, after sine die adjournment is to be in charge of the Hall of the House, Committee Rooms, and other rooms and the furniture, fixtures, equipment and other records of the House.  He is provided with authority to repair, restore or replace any furniture, fixtures, etc., that he deems necessary to the dignity and good appearance of the House, Committee Rooms, Speaker's Office and Apartment, and other House space.  Between sessions, House Simple Resolution 479 authorizes the Speaker, and employees designated by him to purchase items necessary for performance of duties in the keeping of House records, etc.

House Simple Resolution 479 further provides:

"The Speaker and his family are hereby authorized to occupy the Speaker's Apartment at any time he deems necessary during the interim, utilizing

the services of regular interim employees of
the House and others on a temporary basis if
and as needed, and he is further authorized to
obtain through the Contingent Expense Committee
the necessary supplies to operate his office
during the interim and also to have paid through
that Committee necessary local and long-distance
telephone charges." (Emphasis ours)

The Speaker, under House Simple Resolution 479, is
authorized to attend any meetings of or sponsored by The
Council of State Governments or any meetings on problems of
Federal-State relations or inter-state relations and coopera-
tion, or any other governmental function in or outside the
State, or, at the Speaker's discretion, he may appoint a
Member of the House to accompany him, or appoint not to
exceed two members to represent him at said meetings, and
the actual and necessary traveling expenses incurred are to
be paid out of the Contingent Expense Fund.

There are numerous committees upon which the
Speaker of the House serves by virtue of said office. The
Speaker takes reports from the committees that he has appointed.
These duties, as well as those set forth above, are not those
that the"Member" of the Legislature is required to perform as
a Member of the Legislature.

The position of the Speaker of the House is referred
to as an "office". The Member occupying such position is
said to hold the "office" of Speaker of the House. The term
"office" embraces the idea of tenure, duration, emolument
and duties. 34 Tex. Jur. 323, Public Officers, Section 2.

From the above language, it is apparent that the
person occupying the position of "Speaker of the House", is
relegated to many duties that do not confront the "Member" of
the House. Hence, the expenses, incurred by the Speaker while
the Legislature is not in session, should be treated in the
light of the office which he holds, as distinguished from the
position of "Member" of the House.

Accordingly, you are advised that the holdings in
prior Attorney General's Opinions concerning the incurring of
telephone and telegraph expenses by Members of the House of
Representatives do not apply to the Speaker of the House of
Representatives.

You are advised that prior rulings of Attorney
General's Opinions concerning the purchase of stationery and
supplies, as set forth in Opinions O-3778 (1941) and WW-177
(1957), do not apply to the Speaker of the House.

In arriving at the immediately preceding conclusions, we do not overrule any of the prior Opinions to which you refer. Indeed, we do hereby adhere to the rule concerning "legislative" expenses as set forth in Attorney General's Opinion O-3778 (1941).

From our study of the various duties required of the Speaker of the House during the interim and the requirements set forth in H.S.R. 479 relating to the maintaining of the office of the Speaker in the State Capitol Building, it is inherent that a secretary, or some such responsible person work in and maintain the office of the Speaker.

Accordingly, you are advised that the Comptroller may issue a warrant to pay the salary of a secretary to work in and maintain the office of the Speaker in the State Capitol when such is carried on the payroll as an interim employee and is designated as secretary to the Speaker.

The Water Resources Committee was created by House Bill 454, Acts 53rd Legislature, Regular Session, Chapter 359, page 879 (codified as Article 8280-5, Vernon's Civil Statutes), and expired four years after the effective date of House Bill 454.

In addition to creating said committee, Article 8280-5 appropriated out of the Contingent Fund of the 53rd Legislature the sum of $10,000.00, or as much thereof as may be necessary, to accomplish the purposes set out in Article 8280-5.

The 54th Legislature, in the General Appropriation Bill, House Bill 140, Acts 54th Legislature, ch. 519, p. 1531, appropriated out of General Revenue and estimated public donations, the sum of $25,400.00 for the years ending August 31, 1956 and August 31, 1957.

The 55th Legislature, in Senate Bill 17, Acts 55th Legislature, ch. 406, p. 1233, appropriated to the Water Resources Committee "out of the unexpended balance in the appropriation for necessary travel expense of members of the Water Resources Committee, out of the General Revenue Fund of Texas in House Bill No. 140, Acts 1955, the sum of Seven Hundred Dollars ($700.00), said appropriation to be used for payment of salaries and wages."

The expenses of the Water Resources Committee referred to in Question 4 do not constitute expenses of the Legislature, or incidental thereto; they are expenses of a separate agency which are payable out of appropriations made to such agency.

It is our opinion that the Comptroller cannot issue a warrant for payment out of the Contingent Funds of the 55th Legislature of long-distance and rental charges of the Water Resources Committee created by House Bill 454, Acts of the 53rd Legislature.

## SUMMARY

Prior Attorney General's Opinions concerning the incurring of telephone and telegraph expenses by Members of the House of Representatives do not apply to the Speaker of the House. Prior Attorney General's Opinions ruling on the purchase of stationery and supplies incurred by Members of the House of Representatives do not apply to the Speaker of the House. The Comptroller may issue a warrant to pay the salary of a secretary to work in and maintain the office of the Speaker in the State Capitol when such person is carried on the payroll as an interim employee and is designated as Secretary to the Speaker. The Comptroller cannot issue a warrant for payment out of the contingent funds of the 55th Legislature of long-distance telephone calls and rental charges of the Water Resources Committee created by House Bill 454, Acts 53rd Legislature, Regular Session, Chapter 359, page 879.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Martin R. Thomas, Jr.
Assistant

MRT:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Jim Rogers
Arthur Sandlin
Larry Jones
Wayland Rivers

REVIEWED FOR THE ATTORNEY GENERAL
BY:
James N. Ludlum